JOURNAL ENTRY AND OPINION
This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. Plaintiff-appellant S-N-H Properties (owner), owner of business property located in the city of Parma, appeals the trial court's granting of defendants-appellees City of Parma, Parma City Council, and City of Parma Board of Zoning Appeals' (Parma) motion to dismiss.
Owner had applied to the Board of Zoning Appeals for the city of Parma, Ohio for a variance of the parking requirements for its building at 5772-5796 Ridge Road. The building is approximately seventy years old. Parma codified ordinance § 1197.05, which took effect in 1991, requires the building in question to provide 161 parking spaces. The lot on which the building sits provides only 54 parking spaces, with no room for expansion. The building houses a restaurant, the Parma Cafe, as well as professional offices.
The Parma Board of Zoning Appeals held a meeting on the record to consider owner's request for a variance. The discussion at the meeting addressed the parking needs of one of owner's tenants,[1] Labor Ready, a temporary employment agency. One of the owners provided testimony under oath. A verbatim record of the owner's testimony, along with the minutes of the meeting, was submitted to City Council without authentication. All five members of the Parma Board of Zoning Appeals recommended to Parma City Council that the variance be granted.
City Council subsequently denied the request. In its appellate brief, Parma stated that council denied the variance because the Special Planning Committee meeting had learned that one of the tenants in possession, Labor Ready, had failed to obtain the proper permits from the city despite numerous demands by the city to do so.[2]
After the variance was denied, owner appealed the city's decision to the common pleas court pursuant to R.C. 2506. Parma filed a motion to dismiss stating that Labor Ready had vacated the premises and, therefore, the issue was moot. No affidavit was attached to support its statement that Labor Ready had vacated the premises. Owner argued information that Labor Ready had vacated could not be considered by the court because it constituted evidence outside the record.
When the common pleas court granted the motion to dismiss, owner appealed.
Appellant's only assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING APPELLEES' MOTION TO DISMISS APPELLANT'S ADMINISTRATIVE APPEAL.
Owner claims that a change of tenant does not alter the fact that the ordinance forces owner to keep the building 2/3 empty, because it does not have enough parking spaces to rent the remaining space legally under the city ordinance. Owner also argues that if the board's decision denying the requested variance for parking is not overruled, that decision will be res judicata and owner will never be able to obtain a variance.
The city counters that owner is able to make a profit with its current tenant, Totally Tan, and that if a future need for a variance were to arise, owner would not be barred from filing another request for the variance.
In its review of the case, this court is limited to the stated assignment of error, that is, whether the trial court erred in granting the city's motion to dismiss for failure to state a claim upon which relief can be granted, Civ.R. 12(B)(6). City argued that because Labor Ready no longer occupied the premises, the application for variance was moot.
We note first that a complete record was not filed in the case at bar. For example, appellant's application for variance is not in the file. Without knowing precisely what relief has been requested, the court cannot determine what evidence is probative on the issues.
Second, neither the Zoning Appeals Board nor the Parma City Council provided any conclusions of fact, as anticipated by R.C. 2506.03(A)(5). All that the Zoning Board's record provides, in addition to exhibits and the unverified transcript of what was said at the Board hearing, is as follows:
* * * * End of verbatim * * * *
 Ms. Fox: Made a motion to approve. She motioned that the spirit and intent behind the zoning requirement would be observed and [sic] well as the essential character of the neighborhood would not be substantially altered.
Mr. Mastrobuono: Seconded.
The matter was then sent to the Planning Committee of Parma City Council.
From that Planning Committee meeting, one council member's statement against the recommendation is reported as follows:
 * * * the reason that this came forward is because of a new business that is a change of use at the corner of Ridge and Snow. I'm asking council to vote to deny this request for this Variance. This business came in probably three months ago. Without any permits, they opened up for business. When they were told to shut down, they continued to be opened [sic] for business.
 When they were sent a letter by the City from Mr. Deichman, the Building Official, they continued to operate. When they were told they had to shut down, they continued to operate. When they were cited last week, they continued to operate. So, my concern is if they are blatantly violating the law now without the permits and the proper utensils that they need with the City to operate, what will they be like when they are open. [sic] Are they just going to blatantly violate the law? So, for this reason, I am asking for Council to deny this Variance.
While the record provides this member's reason, no conclusions of fact supporting the final order were made by the Planning Committee. Nor were there any conclusions of fact made by Parma City Council. The minutes read as follows:
1. SOPHOCLES SOPHOCLEOUS
 Councilman Kirner — The Planning Committee of Council met this evening and it was the recommendation of the Planning Committee to deny the variance of the applicant, Sophocles Sophocleous. At this time I move to deny the variance as stated. Motion carried.
The record shows that no conclusions of fact supporting the final order were made at any of the three stages.
Administrative appeals are governed by R.C. 2506.03, which states:
 (A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to 2506.02
of the Revised Code unless it appears, on the face of the transcript or by affidavit filed by the appellant, that one of the following applies:
* * *
 (5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from:
 If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. [Emphasis added.]
No conclusions of fact were made at any of the three stages.
We also note that owner's testimony shows that he was asking for a permanent variance for his property. What the city denied, however, was a tenant-specific variance. It is not clear that this broad variance allegedly requested was ever addressed. Moreover, the record is lacking the original application for variance. Thus the trial court did not have a complete record before it.
[U]nder R.C. 2506.03(A)(5), if there were no conclusions of fact filed in support of the administrative body's decision, the common pleas court must hear the appeal upon the transcript of proceedings, and such additional evidence as any party may wish to introduce. Eckmeyer v. Kent (Nov. 3, 2000), Lake App. No. 99-P-0117, unreported, 2000 Ohio App. LEXIS 5123, at *13, citations omitted. (Emphasis in original.) See also, Raischel v. Dave's Shell(Dec. 31, 1998), Lake App. No. 97L-280, unreported, 1998 Ohio App. LEXIS 6366, at *6-7, in which, as in the case at bar, there were no conclusions of fact to support city council's decision. Thus, the trial court was required to hear any additional evidence that either party sought to introduce on appeal.
Because the condition described in R.C. 2506.03(A)(5) was not met, this case is remanded for a hearing as in a trial of a civil action, pursuant to R.C. 2506.03(A). Upon remand, the trial court shall allow both parties to present additional evidence. R.C. 2506.03(A)(5). McCreery v. Brecksville (Dec. 27, 1984), Cuyahoga App. No. 48396, unreported, 1984 Ohio App. LEXIS 12107, at *7.
The case is reversed and remanded to the trial court for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellees its costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The record does not contain a copy of appellant's request for the parking variance. At the April 10th Zoning Board meeting, the testimony of one of the owners, Mr. Hiles, indicates that the owners sought a permanent variance permitting them to rent to any tenant regardless of the number of parking spaces available (in this case, 54 parking spaces.)
[2] Attached to the Council meeting minutes is a verbatim but unsigned transcript of the discussion and vote on this matter at the Special Planning Committee meeting. In that excerpt, a member also discussed omissions in Labor Ready's permit application.